Lawrence M. Bonus v. Commissioner. Velma F. Bonus v. Commissioner. *
Bonus v. Commissioner
Docket Nos. 14354, 16886.
United States Tax Court
1948 Tax Ct. Memo LEXIS 37; 7 T.C.M. (CCH) 827; T.C.M. (RIA) 48234; November 16, 1948
*37 Preston D. Orem, Esq., for the petitioners. R. E. Maiden, Jr., Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion These proceedings consolidated for hearing involve income and victory tax deficiencies for 1943 of $268.23 in Docket No. 14354 and $286.09 in Docket No. 16886. The Commissioner has asserted a negligence penalty of 5 per cent against both petitioners. The year 1942 is also involved by reason of the provisions of section 6 of the Current Tax Payment Act of 1943. Findings of Fact The petitioners are husband and wife and are residents of Lynwood, California. For 1942 and 1943 they filed separate returns in which each reported one-half of their community earnings and one-half of their combined deductions. With respect to those items the returns are identical. In their 1942 returns the petitioners reported salary and wages of $4,734.56. The husband was employed in that year as a shipfitter by the California Shipbuilding Corporation and the wife as an assembly worker by the Vultee Aircraft, Inc. They claimed deductions in the aggregate amount of $787.48, consisting of donations, $15; interest, $238.80; taxes, including local property *38 and sales taxes and federal excise taxes, $284.48; business expenses, consisting of union dues, tools, and work clothing, etc., $249.20. In their 1943 returns the petitioners reported community earnings of $6,205.77 and claimed deductions in the aggregate amount of $2,467.27. The deductions consisted of the following: Contributions, $287; losses, $145; interest, $319.94; medical expenses, $141.02; taxes, $287.31; and business expenses, $1,287. The Commissioner disallowed all of the deductions for both years. He determined a net income for each petitioner for 1943 of $3,102.89. The total amount of the deductions of all classes allowable to the petitioners for 1942 is $350. The total amount allowable for 1943 is $700. The petitioners had no medical or dental expenses in excess of 5 per cent of their adjusted gross income in either 1942 or 1943. Opinion LEMIRE, Judge: The respondent's disallowance of all of the deductions taken in their returns puts the petitioners on their proof as to each of the items claimed. The evidence adduced by the petitioners is for the most part unsatisfactory. It consists, principally, of the testimony of the husband, Lawrence M. Bonus. He testified, *39 in effect, that the returns, as filed, correctly reflected their taxable income. The petitioners were unable to produce any receipts or tangible evidence pertaining to any of the items, except a letter showing that they had paid a doctor's bill of $106 in 1943. It was admitted that most of the amounts claimed were estimates of day to day contributions or expenditures. The petitioners kept no books or records. We are satisfied from the evidence as a whole that the petitioners did make substantial donations to church and other charities; that they did pay certain deductible taxes; that they paid some interest on financial obligations; and that they incurred certain expenses of a business character in connection with their employment as welders. From such evidence as is available, we have determined, as found above, that the total of the deductions of all classes to which the petitioners are entitled is $350 in 1942 and $700 in 1943. Decision will be entered under Rule 50. Footnotes
*. As amended by Tax Court order dated November 17. 1948.↩